

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PARISH OF JEFFERSON                CIVIL ACTION

VERSUS                             NO. 00-338

METAL ROOFING SPECIALTIES, INC.,   SECTION "C"
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's motion challenges the removal of defendant WCI Steel, Inc. ("WCI") on procedural grounds. It argues that the removal by WCI was improper under 28 U.S.C. §1446(b) because two other defendants, Metal Roofing Specialties, Inc. ("MRS") and Mark Hockman ("Hockman"), were served at the time of removal and did not join in the removal petition until after the 30-day period for removal had elapsed. The parties concur that WCI received a courtesy copy of the petition on January 27, 2000, and filed the notice of removal on February 2, 2000.
The record includes proof of service on MRS on January 28, 2000,

DATE OF ENTRY
APR 1 4 2000

and on the defendant Hockman, who is associated with MRS, on February 9, 2000.

WCI opposes this motion with the arguments that service on the other two defendants was defective because the affidavit in support of service does not properly reference the inclusion of a petition along with the citation. However, the affidavits, including those attached to the reply brief, sufficiently establishes proof of service of the citation and petition.

Next, WCI argues that service on WCI was not made until February 8, 2000, because the affidavit confirming service was not filed into the record until that date. That document was apparently filed in state court, despite the fact that the suit was no longer pending in state court by virtue of the removal. However:

> Given that the removal statute's function is to measure time from the defendant's receiving notice rather than from the time personal jurisdiction over the defendant is secured, technicalities of state law as to the completion of service of process in the state court in which the action was originated are ignored in applying Section 1446(b), just as state law generally is disregarded when questions relating to removal are considered.

C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure: Civil §3732 (West). The statutory authority cited by WCI is of limited persuasion, since no default judgment is at issue.

2

Finally, WCI argues that the remaining defendants' consent to removal filed in response to this motion on March 9, 2000, renders the removal timely. While the Fifth Circuit in <u>Getty Oil Corp. v. Insurance Company of North America</u>, 841 F.2d 1254 (5th Cir. 1988) did recognize the availability of such post-removal written consent of the remaining served defendants, it also imposed a rule that the consent be made within the thirty days from the date the first defendant was served or received notice of the suit. See also: <u>Davis v. Rollins Leasing Corp.</u>, 1994 WL 285056 (E.D.La. 1993)(J. Feldman). Assuming that the consent is in proper form, WCI's argument is dependent first, on a finding that the service was deficient as to the two co-defendants and second, on a finding that the service on WCI was not made until proof of service was erroneously filed in the state court record. Those factual predicates are unavailable and the argument fails here.

The plaintiff's argument that in-state defendants will be joined, while not relevant to the motion to remand, may suggest the distinct possibility that this matter would eventually be remanded to state court any way under 28 U.S.C. § 1447(e) and <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987).

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand to state

court for defect in removal is GRANTED and this matter is hereby REMANDED to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

    New Orleans, Louisiana, this 13 day of April, 2000.

                                        _____
                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE